STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, NV 89511
Telephone: (775) 786-7600
E-Mail: steve@harrislawreno.com
Attorneys for DRB HOLDINGS, LLC

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

* * * * *

In re

VIRGIN RIVER 140, LLC,

Debtor.
_____/

CASE NO. 13-14594-LED

(Chapter 11)

**DRB HOLDINGS, LLC'S OPPOSITION TO DEBTOR'S PROPOSED DISCLOSURE STATEMENT FOR DEBTOR'S PLAN OF <u>REORGANIZATION</u>**

Hearing Date: May 20, 2014
Time: 10:30 a.m.

Secured creditor DRB Holdings, LLC, a Nevada limited liability company ("DRB"), by and through its attorney, STEPHEN R. HARRIS, ESQ., of HARRIS LAW PRACTICE LLC, hereby files its Opposition to the DEBTOR'S PROPOSED DISCLOSURE STATEMENT FOR DEBTOR'S PLAN OF REORGANIZATION ("Proposed Disclosure Statement") [Docket No. 51] filed herein on April 18, 2014, and states and alleges as follows:

**A. The Proposed Disclosure Statement Does Not Contain Adequate Information**

1.  From the available pleadings filed by the Debtor addressing the Proposed Disclosure Statement, DRB is forced to assume that the Debtor has noticed an 11 U.S.C. § 1125 hearing for disclosure statement approval. The assumption has to be made because none of the

pleadings filed by the Debtor has referenced or mentioned 11 U.S.C. §1125 as the requested relief. Neither the Proposed Disclosure Statement, the Notice of Hearing on the Debtor's Disclosure Statement for Debtor's Plan of Reorganization [Docket No. 52] or the Debtor's Plan of Reorganization ("Plan") [Docket No. 50] make any reference to 11 U.S.C. § 1125 disclosure statement approval. Assuming the Debtor is seeking §1125 disclosure statement approval, then one must review the legal standard for approval of a disclosure statement contained in Section 1125.

Section 1125(b) of the Bankruptcy Code provides that:

> "An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title…, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information."

Section 1125(a)(1) defines "adequate information" as:

> "…information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan…"

2. According to the legislative history, the parameters of what constitutes adequate information are intended to be flexible.

> Precisely what constitutes adequate information in any particular instance will develop on a case by case basis. Courts will take a practical approach as to what is necessary under the circumstances of each case, such as the cost of preparation of the statements, the need for relative speed in solicitation and confirmation, and, of course, the need for investor protection. There will be a balancing of interests in each case. In reorganization cases, there is frequently great uncertainty. Therefore the need for flexibility is greatest.

*See*, 1978 U.S.C. C.A.N. 5787, 6365. The primary purpose of a disclosure statement is to give the creditors the information they need to decide whether to accept the plan. See In Re California Fidelity, Inc., 198 B.R. 567, 571 (9th Cir. BAP 1996). ("The purpose of a disclosure

Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, Nevada 89511
(775) 786 7600

statement is to give all creditors a source of information which allows them to make an informed choice regarding the approval or rejection of a plan.").

3. The determination of what is adequate information is subjective and made on a case-by-case basis. In re Brotby, 303 B.R. 177, 193 (B.A.P. 9th Cir. 2003). This determination is largely within the discretion of the bankruptcy court. Id. Since the enactment of the Bankruptcy Code, courts have developed nineteen factors for evaluating the adequacy of the information contained in the disclosure statements. The most commonly cited version of the list of factors appears in In re Metrocraft Publishing Servs., Inc., 39 B.R. 567 (Bankr. N.D. Ga. 1984). Borrowing factors from other cases, and adding a few of its own, the Metrocraft court listed nineteen factors for courts to consider when determining the adequacy of information in a proposed disclosure statement. The nineteen factors include the following: (1) the circumstances that gave rise to the filing of the bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the disclosure statements; (5) a disclaimer; (6) the present condition of the debtor wile in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including professional fees; (13) the collectability of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditor's decision to accept or reject the chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a non-bankruptcy context; (18) tax consequences of the plan; and (19) the relationship of the debtor with affiliates. In re Reilly, 71 B.R. 132, 134 (Bankr. D. Mont. 1987); In re Pacific Shores Development, Inc., 2011 Bankr. LEXIS 785 (Bankr. S.D. Cal. 2011), *citing* In re Metrocraft Publishing Servs. Inc., 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984); In re Neutgens, 87 B.R. 128, 129 (Bankr. D. Mont. 1987) (also citing Metrocraft); *see also* In re Diversified Investors Fund XVII, 91 B.R. 559, 561 (Bankr.

Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, Nevada 89511
(775) 786 7600

3

1   C.D. Cal. 1988).

2   4.  In this case, the Debtor's Proposed Disclosure Statement falls woefully short of providing adequate information to DRB or any of the Debtor's creditors, as defined in Section 1125(a)(1). The Debtor's Proposed Disclosure Statement also fails to meet many of the Metrocraft factors. The Debtor has proposed monthly payments to DRB in the approximate amount of $7,979.43, with absolutely no evidence shown in the Proposed Disclosure Statement that the Debtor can feasibly make those payments or perform under the Plan.

5.  The Monthly Operating Reports filed by the Debtor covering the time period from May 2013 through February 2014, consistently show in each and every filed Monthly Operating Report that the Debtor has $400.00 in its bank account, has no income and no expenses. Debtor has been in its Chapter 11 proceeding for nearly twelve (12) months, and not once during that time has the Debtor generated income or made debt service payments to DRB. See Debtor's Monthly Operating Reports, as evidenced by Docket Nos. 32 through 40, filed on March 10, 2014.

6.  The Debtor proposes in its Proposed Disclosure Statement that its principals and an unknown and unspecified investor will provide sufficient funds to maintain payments under the Plan. However, the Debtor provides no information as to the financial capacity of its principals. The List of Equity Security Holders filed by the Debtor names the following individuals as holding ownership interests in the Debtor:

| | |
|---|---|
| Charles E. Weiner | 14.3% |
| George T. Bochanis | 10.3% |
| Joseph L. Bowler, II | 17.7% |
| Kathy Arrington | 7.1% |
| Richard T. Bowler | 17.7% |
| Sara M. Hutchinson | 24.9% |
| Travis Nelson | 8.0% |

Equity Owner Charles E. Weiner filed a voluntary petition under Chapter 11 of the Bankruptcy Code in 2011, and based on that information, DRB does not believe that he has the capacity to assist in the Debtor's reorganization efforts. There is no information that would lead DRB or any other creditor to be satisfied with the remaining principals' financial capacity to perform

Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, Nevada 89511
(775) 786 7600

under the Debtor's Plan. In fact, there is not only a complete lack of information with respect to any equity owner's finances, there is not a single commitment in writing from any of the equity owners that they will commit their personal funds to the Debtor's reorganization effort.

7. Additionally, the Debtor states in its Proposed Disclosure Statement that it is indebted to the Clark County Treasurer for unpaid real property taxes on DRB's real property collateral, which is not entirely accurate. While the Debtor has made no recent tax payments to the Clark County Treasurer, in 2013, DRB paid the Clark County Treasurer $25,672.63, in order to bring all real property taxes current and to protect its real property collateral from collection action by the Clark County Treasurer. Therefore, the Debtor is indebted to DRB for these tax payments of $25,672.63.

**B. The Debtor's Proposed Plan is Patently Unconfirmable, Thus the Proposed Disclosure Statement Should Not Be Approved**

1. While substantive objections regarding the plan must be considered at the confirmation hearing, numerous courts have heard objections to the disclosure statement based upon contentions that the accompanying plan of reorganization is nonconfirmable. In other words, if a plan is not confirmable on its face as a matter of law, then the court will withhold approval of the disclosure statement. See e.g., In re Beyond.com Corp., 289 B.R. 138 (N.D. Cal. 2003) (noting disapproval of a disclosure statement is appropriate when the underlying plan is patently unconfirmable") (citations omitted); In re Curtis Ctr. L.P., 195 B.R. 631 (Bankr. E.D. Pa. 1996) ("A disclosure statement should be disapproved where the plan it describes is patently unconfirmable."); In re E.Me. Elec. Co-op, Inc., 125 B.R. 329, 333 ( Bankr. D. Me. 1991) (finding if confirmation is impossible because of a "fatally flawed" plan, court should exercise its discretion not to consider adequacy of disclosure statement).

2. In the instant case, the Debtor's proposed Plan is patently unconfirmable on its face, and as a result, its Proposed Disclosure Statement should not be approved. The Debtor has failed to establish any kind of feasibility for it to perform under the Plan. Feasibility is a requirement for confirmation under 1129(a)(11), which states in part:

///

Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, Nevada 89511
(775) 786 7600

> "confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan."

See, e.g., Sherman v. Harbin (In Re Harbin), 486 F.3d 510, 517 (9th Cir. 2007). "Feasibility is the heart of every Chapter 11 reorganization case. It is the most important element of § 1129." In re Seasons Partners LLC, 439 B.R. 505, 513 (Bankr. Ariz. 2010). Without any facts or documents bearing out feasibility for Debtor to make regular monthly payments under its Plan, there is no chance for confirmation under §1129(a) and (b).

   3. Indeed, literally nothing has happened in this case since it was filed on May 24, 2013. Only after the United States Trustee filed its MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, TO DISMISS CHAPTER 11 CASE [Docket No. 19] on Feb 11, 2014, did the Debtor file its Monthly Operating Reports for May 2013 through February 2014. Further, the Debtor is the owner of 2 parcels of unimproved real property consisting of 140 acres located near Bunkerville, Nevada, which is encumbered by the obligation owed to DRB. Even though the Debtor did not designate itself as a "single asset real estate" case in its voluntary petition, it really is a single asset real estate case as defined in Section 101(51B). As such, the Debtor was required to commence making monthly adequate protection payments to secured creditor DRB on account of its secured claim within 90 days of filing of the Debtor's petition. The Debtor has made no attempt to provide monthly adequate protection payments in the amount of $28,767.00 per month to DRB, and in response, DRB filed a MOTION FOR RELIEF FROM SECTION 362(a) AUTOMATIC STAY AND TO DISMISS CHAPTER 11 CASE ("DRB Motion") [Docket No. 44] on April 17, 2014. The hearing on the DRB Motion is scheduled concurrently with the hearing on the Proposed Disclosure Statement, specifically May 20, 2014, at 10:30 a.m. The Debtor has failed to make adequate protection payments or to provide any kind of adequate protection to DRB, and the Debtor has no equity cushion in the real property collateral. Pursuant to Section 362(d)(3), DRB should prevail on the DRB Motion. Furthermore, within 90 days of filing its petition, the Debtor needed to file its plan of reorganization that stands a reasonable possibility of being

Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, Nevada 89511
(775) 786 7600

confirmed within a reasonable time, which is another requirement under 11 U.S.C. §362(d)(3) in order to avoid termination of the Section 362(a) automatic stay. DRB should also prevail on the DRB Motion, pursuant to Section 362(d)(1) and (2), in that under that Section, Debtor also has no equity in the property for purposes of Section 362(d)(2)(A) and (B). As a result, no reorganization is possible due to the lack of equity in the Debtor's only asset. See, In re Indian Palms Assocs., Ltd., 61 F.3d 197 (3rd Cir. 1994) ("…the language of section 362(d)(2) is mandatory, when both factors necessary for relief under section 362(d)(2) are met, 'the court shall grant relief'."

4.     DRB also objects to the treatment of its purported unsecured claim in a manner separate and different from the other general unsecured creditors, which separate classification allows Debtor to gerrymander sufficient votes to create a supporting impaired class. DRB's potential unsecured deficiency claim cannot be separately classified from other general unsecured claims. Barakat v. Life Ins. Co. of Va. (in re Barakat), 99 F.3d 1520, 1525-26 (9th Cir. 1996) holds that the secured lender's deficiency claim must be classified with similarly situated general unsecured claims if the only reason for that separate classification was to obtain acceptance of the plan. DRB is going to object to the Debtor's Plan treatment for DRB's secured claim and reject Plan treatment both as a secured creditor and possible general unsecured creditor. The Debtor's separate classification of DRB's unsecured deficiency only to gerrymander votes makes the proposed Plan patently unconfirmable, and the Proposed Disclosure Statement must not be approved. In re Moorpark Adventure, 161 B.R. 254 (Bankr. C.D. Cal. 1993) (denying approval of the debtor's disclosure statement when the court determined that the plan could not be confirmed due to the debtor's separate classification of an unsecured deficiency claim for the sole purpose of gerrymandering votes); In re 266 Washington Assocs., 141 B.R. 275, 288 (Bankr. E.D.N.Y. 1992), aff'd 147 B.R. 827 (E.D.N.Y. 1992) (classification of unsecured portion of partially secured claim in a separate class rendered plan "fatally flawed and incapable of confirmation").

///

///

## **CONCLUSION**

Based on the foregoing, DRB respectfully requests that the Court deny the Debtor's request for approval of its Proposed Disclosure Statement.

Dated this 6th day of May, 2014.

                STEPHEN R. HARRIS, ESQ.
                HARRIS LAW PRACTICE LLC
                6151 Lakeside Drive, Suite 2100
                Reno, Nevada 89511

                */s/ Stephen R. Harris*

                Attorneys for DRB Holdings, LLC

Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, Nevada 89511
(775) 786 7600