STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, NV 89511
Telephone: (775) 786-7600
E-Mail: steve@harrislawreno.com
Attorneys for DRB HOLDINGS, LLC

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

* * * * *

In re

VIRGIN RIVER 140, LLC,

Debtor.
_____/

CASE NO. 13-14594-LED

(Chapter 11)

**REPLY TO OPPOSITION TO DRB HOLDINGS, LLC'S MOTION FOR RELIEF FROM §362(a) AUTOMATIC STAY AND TO DISMISS CHAPTER 11 CASE**

Hearing Date: May 20, 2014
Time: 10:30 a.m.

Secured creditor DRB Holdings, LLC, a Nevada limited liability company ("DRB"), by and through its attorney, STEPHEN R. HARRIS, ESQ., of HARRIS LAW PRACTICE LLC, hereby files its Reply pleading to the OPPOSITION TO DRB HOLDINGS, LLC'S MOTION FOR RELIEF FROM § 362(a) AUTOMATIC STAY AND TO DISMISS CHAPTER 11 CASE [Docket No. 56] ("Opposition") filed herein on May 6, 2014, which Opposition was filed in response to DRB HOLDINGS, LLC'S MOTION FOR RELIEF FROM §362 AUTOMATIC STAY AND TO DISMISS CHAPTER 11 CASE [Docket No. 44] ("Motion"), and states and alleges as follows:

1. DRB strongly disagrees with the Debtor's contention that there is no cause to lift

the Section 362(a) automatic stay or to dismiss the Debtor's Chapter 11 case. As noted in DRB's Opposition to Debtor's Proposed Disclosure Statement for Debtor's Plan of Reorganization [Docket No. 58], literally nothing has happened in this Chapter 11 case since it was filed on May 24, 2013. Only after the United States Trustee filed its MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, TO DISMISS CHAPTER 11 CASE [Docket No. 19] on February 11, 2014, did the Debtor file its Monthly Operating Reports for May 2013 through February 2014, and each of those reports reflects the same facts: $400.00 in the bank, no income and no expenses. Further, the Debtor made no effort to file a disclosure statement or a plan of reorganization until ordered to do so by this Court in its ORDER OF CONDITIONAL CONVERSION OR DISMISSAL [Docket No. 43] entered on March 26, 2014.

2.  Debtor is the owner of 2 parcels of unimproved real property consisting of 140 acres located near Bunkerville, Nevada ("Property"), which is encumbered by the first priority recorded obligation owed to DRB. The Debtor did not designate itself as a "single asset real estate" case in its voluntary petition, however, by the definition contained in 11 U.S.C. § 101(51B), the Debtor should be designated as a "single asset real estate" case. As such, pursuant to Section 362(d)(3), the Debtor should have automatically commenced paying monthly adequate protection payments based on the principal balance of $2,500,000.00 at the non-default rate of interest to secured creditor DRB on account of its secured claim within 90 days of filing of the Debtor's petition. The Debtor has made no attempt to pay monthly adequate protection payments of any amount, much less the non-default interest only payment of $28,767.00 per month, to DRB. The Debtor has failed to make any adequate protection payments or to provide any kind of adequate protection to DRB, and the Debtor has no equity cushion in the real property collateral. Therefore, pursuant to Section 362(d)(3), DRB must prevail on its Motion. Furthermore, an alternative provision under 11 U.S.C. §362(d)(3) which might allow the Debtor to avoid termination of the Section 362(a) automatic stay, requires that the Debtor file a plan of reorganization that has reasonable possibility of being confirmed within

Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, Nevada 89511
(775) 786 7600

1  a reasonable time within 90 days of filing its petition, which the Debtor did not timely file. In
2  addition to the lack of timeliness in filing a plan, the Debtor's currently filed Debtor's Plan of
3  Reorganization is patently unconfirmable and has no reasonable possibility of being confirmed,
4  as discussed in more detail below.

5      3. Section 362(d)(1) specifically requires the Court to grant relief from the stay "for
6  cause, including the lack of adequate protection of an interest in property of such party in
7  interest". The term "shall" in Section 362(d)(2) requires the Court to terminate the stay unless
8  the Debtor can prove that it has equity in the property and that such property is necessary to an
9  effective reorganization. See, In re Indian Palms Assocs., Ltd., 61 F.3d 197 (3rd Cir. 1994)
10 ("...the language of section 362(d)(2) is mandatory, when both factors necessary for relief
11 under section 362(d)(2) are met, 'the court shall grant relief'.")

12     4. Debtor has made no payments to DRB since July 14, 2009, and has provided
13 no adequate protection to DRB either by payment or equity. By its own admission, Debtor has
14 no equity in the Property for purposes of Section 362(d)(2)(A). As a result, no reorganization is
15 possible due to the lack of equity in the Debtor's only asset, and with no means with which to
16 provide DRB with adequate protection payments. The other requirement of Section 362(d)(2) is
17 found in subpart (B), which states that "such property is not necessary to an effective
18 reorganization". Both Sections 362(d)(2)(B) and 362(d)(3)(A) require that the Debtor
19 demonstrate that the subject property is "necessary to an effective reorganization." As set forth
20 in United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 376
21 (1988) "This means, as many lower courts, including the *en banc* court in this case, have
22 properly said, that there must be 'a reasonable possibility of a successful reorganization within a
23 reasonable time.'" In the context of § 362(d)(2)(B), the Debtor has the burden of proving that
24 the subject property is necessary for an effective reorganization, and must show the existence of
25 a reasonable possibility that a successful rehabilitation or a successful liquidation can be
26 accomplished within a reasonable period of time. In re Planned Systems, Inc., 78 B.R. 852
27 (Bankr. S.D. Ohio 1987). In the instant case, the Debtor has not met its burden of proof in
28 showing that the Property is necessary for an effective reorganization, or that it has any

Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, Nevada 89511
(775) 786 7600

3

1  reasonable possibility of confirming its Plan within a reasonable period of time. Accordingly, the Court must terminate the Section 362(a) stay.

5.  Debtor alleges to have filed a confirmable Plan of Reorganization leading to an effective reorganization, and that DRB's Motion should be denied on the basis that the Debtor is moving forward in seeking approval of the Debtor's Proposed Disclosure Statement [Docket No. 51] and seeking confirmation of the Debtor's Plan of Reorganization [Docket No. 50]. DRB disagrees.  The proposed Debtor's Plan of Reorganization ("Plan") is not legally confirmable because the Debtor at any confirmation hearing scheduled in the future will not satisfy the plan confirmation requirements of Section 1129(a).  Specifically, Section 1129(a)(10) states:

> "If a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider."

Debtor has listed three (3) impaired classes of creditors, specifically: Class IV(A) which consists of the secured claim of DRB; (Class IV(B) purportedly consists of the delinquent real property taxes, which have already been paid to the Clark County Treasurer by DRB.); Class V which consists of the purported general allowed unsecured creditors; and Class VI which consists of the purported unsecured claim of DRB.

Debtor has listed two (2) general unsecured creditors in Class V:  Kathy Arrington for $10,000.00, and Jerry Metheny for $20,000.00.  Kathy Arrington is an insider of the Debtor, holding 7.1% membership interest in the Debtor.  See page 12 of Docket No. 9 filed on June 7, 2013, which contains the List of Equity Security Holders.  Thus, any ballot submitted by Kathy Arrington purporting to accept the Plan cannot be counted because of the definition of "Insider" contained in Section 101(31)(B):

> "(B) if the debtor is a corporation –
>     (i)    Director of the debtor;
>     (ii)   Officer of the debtor;
>     (iii)  Person in control of the debtor;
>     (iv)  Partnership in which the debtor is a general partner;
>     (v)   General partner of the debtor; or

   (vi) Relative of a general partner, director, officer, or person in control of the debtor."

It appears that Kathy Arrington is an "insider" and that any accepting ballot from Kathy Arrington would not count in satisfying the requirements of Section 1129(a)(10). The only other purported non-insider creditor is Jerry Matheny (whose name has been incorrectly spelled by the Debtor in its pleadings as "Metheny"). A representative of DRB has contacted Jerry Matheny directly to inquire as to his claim status. Mr. Matheny represented that he is not a creditor of the Debtor, and provided an affidavit attesting to that fact. A copy of the Affidavit of Jerry Matheny is attached hereto as **Exhibit "A"** and incorporated herein by that reference.

On that basis, the Plan cannot be confirmed under Section 1129(a)(10), in that based on the papers and pleadings filed with the Court to date, there is no "impaired" non-insider class capable of accepting the Debtor's Plan. Since the Debtor cannot satisfy the requirements of Section 1129(a)(10), and DRB will vote to reject the Plan, the Section 1129(a) requirements for confirmation will not be satisfied.

6. It is also the contention of DRB that the proposed Debtor's Plan is patently unconfirmable on its face. Additionally, the Debtor's Proposed Disclosure Statement does not provide adequate information, and for those reasons, the Proposed Disclosure Statement should not be approved. Rather than repeat those arguments here, DRB asks this Court to take judicial notice of its Opposition to Debtor's Proposed Disclosure Statement for Debtor's Plan of Reorganization [Docket No. 58]. However, in addition to the arguments stated in Docket No. 58, it should also be noted that the proposed payment to DRB under the Debtor's proposed Plan as stated in the Debtor's Proposed Disclosure Statement is either incorrect or unclearly stated. Debtor indicates in its Proposed Disclosure Statement that a payment of $7,979.43 will be made to DRB under the Plan, based on a principal secured amount of $3,000,000.00 at 5.25% interest per annum. A quick calculation reveals that the monthly payment to DRB pursuant to the interest rate and terms proposed in the Debtor's Plan of Reorganization would be $13,125.00, not $7,979.43. The Debtor's Proposed Disclosure Statement is not clear as to whether the intent of the Debtor is to "short pay" the monthly interest, or whether the proposed monthly payment

Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, Nevada 89511
(775) 786 7600

1 | amount as stated is just calculated incorrectly.

## CONCLUSION

Based on the foregoing, DRB respectfully requests that the Court grant its MOTION FOR RELIEF FROM § 362(a) AUTOMATIC STAY AND TO DISMISS CHAPTER 11 CASE, and for other relief as the Court may deem appropriate.

Dated this 13th day of May, 2014.

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, Nevada 89511

/s/ Stephen R. Harris
_____
Attorneys for DRB Holdings, LLC

# EXHIBIT "A"

# EXHIBIT "A"

STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, NV 89511
Telephone: (775) 786-7600
E-Mail: steve@harrislawreno.com
Attorneys for DRB HOLDINGS, LLC

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

* * * * *

In re

VIRGIN RIVER 140, LLC,

                    Debtor.
_____/

CASE NO. 13-14594-LED

(Chapter 11)

**AFFIDAVIT OF JERRY MATHENY**

Hearing Date: May 20, 2014
Time: 10:30 a.m.

STATE OF NEVADA    )
                   ): ss
COUNTY OF WASHOE   )

JERRY MATHENY, being first duly sworn under penalty of perjury, deposes and states as follows:

1. I am currently a resident of Clark County, Nevada.

2. I have been advised by Sara Hutchinson that I have been listed as a general unsecured creditor on Schedule F of the Schedules of Assets and Liabilities filed by Virgin River 140, LLC, in its Chapter 11 bankruptcy Case Number 13-14594-LED, in the United States Bankruptcy Court, District of Nevada (Las Vegas, Nevada), with a purported claim amount of $20,000.00 for "Administrative services/bookkeeping".

3. I am not owed $20,000.00 by Virgin River 140, LLC, and indeed I am not owed any amount of monies by Virgin River 140, LLC. I have no claims against the bankrupt estate of Virgin River 140, LLC, and have not and will not file any claim with the Court.

4. I am not certain why Virgin River 140, LLC, named me as a general unsecured creditor in its Schedules of Assets and Liabilities, and I disavow the allegation that I am owed monies by Virgin River 140, LLC.

Dated this 10 day of May, 2014.

_____
Jerry Matheny

Subscribed and Sworn to before me

this 10 day of May, 2014.

_____
NOTARY PUBLIC

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
BURL DUNLAP
No: 11-5666-1
My Appointment Expires Sept. 14, 2015

Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, Nevada 89511
(775) 786 7600

2